FLOSSIE MICKLIN, Appellant, v. UNION RAILWAY COMPANY OF NEW YORK CITY, Respondent.

LOUIS MICKLIN, Appellant, v. UNION RAILWAY COMPANY OF NEW YORK CITY, Respondent.

Supreme Court, Appellate Term, First Department, November 13, 1925.

Street railways — injuries to passengers — plaintiff thrown to ground when step of trolley car unfolded beneath her — fact that door was partially open constituted invitation to descend from car — plaintiff not guilty of contributory negligence — defendant's name on car sufficient identity.

It was error to dismiss the complaint at the close of the plaintiff's case, in an action for injuries suffered by plaintiff when she was thrown to the ground when the step of the trolley car, in which she was riding, unfolded beneath her as she was about to descend to the street, where the door of said car, which operated in conjunction with the step, was partially open and the car was at a standstill, since the open door was an invitation to descend under such circumstances as precluded any intimation of an accident.

Plaintiff's testimony that the name of the defendant appeared on the trolley car from which she fell is sufficient to establish a *prima facie* case as to operation and control of said car.

APPEAL by plaintiff in each case from a judgment of the Municipal Court, Borough of Manhattan, Eighth District, dismissing the complaints at the close of plaintiff's case, after trial by a judge and a jury.

*Louis H. Samuels,* for the appellants.

*Alfred T. Davison [Frederic W. Frost* of counsel], for the respondent.

PER CURIAM:

The two questions presented by the record are the plaintiff's freedom from contributory negligence and the proof as to operation and control.

In regard to the latter, plaintiff testified that the name of the defendant appeared on the trolley car on which she suffered the injury, and that is sufficient to establish a *prima facie* case.

The accident occurred by reason of the fact that the door of a trolley car, which operated in conjunction with a folding step,

was part way open. The opening was sufficient for plaintiff to pass through and as she proceeded to descend and placed her foot upon the step, it unfolded beneath her and threw her to the ground.

These circumstances alone do not in our opinion constitute contributory negligence. The car was at a standstill and the open door was an invitation to descend. She had no reason to anticipate any accident under those circumstances.

The judgments dismissing the complaints in this and the accompanying action for loss of services are reversed and new trials ordered, with costs to appellants to abide the event.

Judgments reversed and a new trial ordered, with fifteen dollars costs to appellants in each case to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.